# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

JEFFREY L. HAWKINS,

        Petitioner,

v.                                      Case No. 3:21-cv-1116-TJC-MCR

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS,

        Respondent.

## ORDER

**I.    Status**

Petitioner, an inmate of the Florida penal system, initiated this action by filing a pro se Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. 1) on November 1, 2021.[1] He challenges a 2010 state court (Duval County, Florida) judgment of conviction for two counts of lewd and lascivious molestation of a child and two counts of lewd and lascivious exhibition involving a child, "all counts . . . on a single person less than 12 years of age." See Doc. 1 at 4. Petitioner is serving a fifty-year term of incarceration.

---

[1] The Petition is dated November 2, 2021, see Doc. 1 at 18, but the prison stamp on the appendix (Doc. 1-1) reflects that Petitioner submitted his filing for mailing on November 1, 2021, and the mailing envelope (Doc. 1-2) is postmarked November 1, 2021. "Under the prison mailbox rule, a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." Jeffries v. United States, 748 F.3d 1310, 1314 (11th Cir. 2014).

See Florida Department of Corrections, Offender Information Search, available at https://fdc.myflorida.com/OffenderSearch/Search.aspx (last visited Jan. 7, 2025).

Respondents filed a Response (Doc. 7), with exhibits (Docs. 7-1 to 7-15), arguing that this case is untimely filed and should be dismissed with prejudice.[2] Alternatively, they argue the Petition is facially deficient because Petitioner did not use the Court-approved form or provide all the information required by the form. See Doc. 7 at 11–13. Petitioner opted not to file a reply, advising that he will rely on the allegations in his Petition instead (Doc. 8). He does not address the issue of timeliness in his Petition. See generally Doc. 1. This case is ripe for review.[3]

---

[2] Response exhibits will be cited as "Ex." followed by the corresponding letter designation ("A," "B," etc.) as assigned by Respondents and page number as assigned by the Court's electronic case management system.

[3] "In a habeas corpus proceeding, the burden is on the petitioner to establish the need for an evidentiary hearing." Jones v. Sec'y, Fla. Dep't of Corr., 834 F.3d 1299, 1318 (11th Cir. 2016) (citing Chavez v. Sec'y Fla. Dep't of Corr., 647 F.3d 1057, 1060 (11th Cir. 2011)). "In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." Schriro v. Landrigan, 550 U.S. 465, 474 (2007) (citation omitted). "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." Id. The Court finds that "further factual development" is unnecessary. Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003). Thus, an evidentiary hearing will not be conducted.

2

## II.   One-Year Limitations Period

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) amended 28 U.S.C. § 2244 by adding the following subsection:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is

3

>                   pending shall not be counted toward any period of
>                   limitation under this subsection.

28 U.S.C. § 2244(d)(1), (2).

### III.  Analysis

On May 4, 2010, a jury found Petitioner guilty of the following crimes as charged in a second amended information: lewd or lascivious molestation (Petitioner touching the minor victim) (Count I); lewd or lascivious molestation (Petitioner forcing or enticing the minor victim to touch him) (Count II); lewd or lascivious exhibition (between August 13, 2008 and September 30, 2008) (Count III); and lewd or lascivious exhibition (between October 1, 2008 and August 13, 2009) (Count IV). Ex. A at 2; Ex. B at 2–5. On June 11, 2010, the trial court sentenced Petitioner to terms of fifty years on Counts I and II, five years on Count III, and fifteen years on Count IV, all to run concurrently, with a twenty-five-year minimum mandatory sentence. Ex. C at 5–10. Through appointed counsel, Petitioner sought a belated direct appeal. Ex. J at 18–19.[4] On January 23, 2012, the First District Court of Appeal per curiam affirmed Petitioner's convictions and sentences without a written opinion. Ex. F at 3–4; Ex. J at 20–21. His judgment and sentence became final ninety days later, on

---

[4] The First DCA granted Petitioner leave to file a belated appeal. Ex. J at 19.

Monday, April 23, 2012.[5]

Petitioner's one-year statute of limitations under AEDPA would have started on April 24, 2012, but Petitioner filed a motion to correct illegal sentence under Florida Rule of Criminal Procedure 3.800(a) before then, on March 12, 2012 (mailbox rule), tolling the commencement of his limitations period. See Ex. H at 2. Shortly thereafter, while his Rule 3.800(a) motion was still pending, on April 27, 2012 (mailbox rule), Petitioner filed a motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. Ex. I at 2. The state court denied Petitioner's Rule 3.800(a) and Rule 3.850 motions in a single order on April 26, 2013. Ex. J at 2–8. On October 17, 2013, the First DCA per curiam affirmed the state court's order without a written opinion. Ex. L at 4. The mandate issued on November 13, 2013. Id. at 3.

Before the conclusion of his initial postconviction appeal, Petitioner filed with the trial court the following three motions, all pro se: a Rule 3.850 motion for postconviction relief on July 11, 2013 (mailbox rule); an amended Rule 3.850 motion on July 19, 2013 (mailbox rule), in which he vaguely sought discovery, including DNA testing; and a "final amend[ed]" Rule 3.850 motion on August 12, 2013 (mailbox rule). Ex. M at 4, 19, 34. The trial court dismissed with prejudice Petitioner's three successive Rule 3.850 motions as procedurally

---

[5] The 90th day fell on a Sunday, April 22, 2012, so Petitioner had until Monday, April 23, 2012, to file a petition for writ of certiorari with the United States Supreme Court.

5

barred, noting "all three Motions, which purport[ed] to be amendments to [Petitioner's] Motion for Postconviction Relief, were filed without leave of Court after entry of [the] Court's final Order of April 26, 2013, denying that Motion on the merits." Id. at 59. The trial court further found the claim raised in the July 11, 2013 motion "to be without merit." Id. at 53. As to all three motions, the trial court found that because Petitioner failed to show good cause why the new grounds raised were not asserted in his original Rule 3.850 motion, the successive motions constituted an abuse of process and were frivolous. Id. at 59, 61.

On June 10, 2014, the First DCA per curiam affirmed the trial court's order without a written opinion, Ex. O at 4, and issued its mandate on July 8, 2014, id. at 3. Petitioner's AEDPA limitations period began the following day and expired one year later, on July 9, 2015, without Petitioner filing any proper tolling motions during that time.[6] As such, his November 1, 2021 Petition is

---

[6] According to Petitioner's state court docket, Petitioner also filed numerous pro se motions for DNA testing under Florida Rule of Criminal Procedure 3.853 as well as appeals and petitions for writs of mandamus related to those motions. See Ex. G at 18–25. Those motions did not toll the AEDPA limitations period. See Brown v. Sec'y for Dep't of Corr., 530 F.3d 1335, 1337 (11th Cir. 2008) (holding a Rule 3.853 motion does not toll the AEDPA limitations period because the motion is one for discovery only and is not itself a collateral attack on a judgment of conviction). Petitioner filed a second motion for reduction of sentence under Rule 3.800(a) on about May 22, 2017 (docketed date), which the trial court summarily dismissed. See Ex. G at 24. However, by that time, Petitioner's AEDPA limitations period had already expired, meaning "there [was] no period remaining to be tolled." See Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000); see also Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004) ("A state court filing after the federal habeas filing deadline does not revive it.").

6

untimely filed. Petitioner fails to allege any facts supporting due diligence or extraordinary circumstances that would entitle him to equitable tolling. See Lawrence v. Florida, 549 U.S. 327, 336 (2007); Cadet v. Fla. Dep't of Corr., 853 F.3d 1216, 1221 (11th Cir. 2017). And he does not invoke the actual innocence exception as a gateway to avoid enforcement of the one-year limitations period.

For the foregoing reasons, the Petition is untimely, and Petitioner has not shown an adequate reason why the dictates of the one-year limitations period should not be imposed upon him.

Accordingly, it is **ORDERED AND ADJUDGED**:

1. The Petition (Doc. 1) is **DISMISSED with prejudice** as untimely.

2. The **Clerk of Court** shall enter judgment accordingly, terminate any pending motions, and close this case.

3. If Petitioner appeals this Order, the Court denies a certificate of appealability. Because the Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.[7]

---

[7] The Court should issue a certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003)

**DONE AND ORDERED** at Jacksonville, Florida, this 21st day of January, 2025.



TIMOTHY J. CORRIGAN
Senior United States District Judge

Jax-6
c:
Jeffrey L. Hawkins, #J37046
Counsel of Record

---

(quoting <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 n.4 (1983)).  Here, after consideration of the record as a whole, the Court will deny a certificate of appealability.