UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JEFFREY L. HAWKINS,

    Petitioner,

v.    Case No. 3:21-cv-1116-TJC-MCR

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS,

    Respondent.

## ORDER

Before the Court is Petitioner's "Response" to the Court's Order denying his Petition for Writ of Habeas Corpus and dismissing the action with prejudice (Doc. 20), which the Court construes as a motion for reconsideration under Federal Rule of Civil Procedure 59(e). Petitioner contends the Respondent's response to his Petition was "insufficient" because the Respondent addressed only timeliness and facial insufficiency of the Petition, not Petitioner's ineffective assistance of counsel claims. See Doc. 20 at 3–4. He asks that the Court grant his Petition and order his immediate release from prison. Id. at 6–7.

Rule 59(e) affords the Court discretion to reconsider an order it has entered. See Mincey v. Head, 206 F.3d 1106, 1137 (11th Cir. 2000); O'Neal v.

Kennamer, 958 F.2d 1044, 1047 (11th Cir. 1992). "The only grounds for granting a Rule 59 motion are newly[] discovered evidence or manifest errors of law or fact." Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007) (quoting In re Kellogg, 197 F.3d 1116, 1119 (11th Cir. 1999)). This Court has interpreted those parameters to include "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." Lamar Advert. of Mobile, Inc. v. City of Lakeland, Fla., 189 F.R.D. 480, 489 (M.D. Fla. 1999). The purpose of Rule 59 is not to ask the Court to reexamine an unfavorable ruling without any manifest error of law or fact. Jacobs v. Tempur-Pedic Int'l., Inc., 626 F.3d 1327, 1344 (11th Cir. 2010). As such, Rule 59(e) cannot be used "to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." Michael Linet, Inc. v. Village of Wellington, Fla., 408 F.3d 757, 763 (11th Cir. 2005).

Petitioner points to no change in the law, new evidence, or "the need to correct clear error or manifest injustice." See Lamar, 189 F.R.D. at 489. Rather, he asks the Court to reexamine an unfavorable ruling by presenting argument that was or could have previously been raised. His disagreement or displeasure with the Court's ruling is not a basis upon which to seek relief under Rule 59(e).

2

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. Petitioner's construed motion for reconsideration (Doc. 20) is **DENIED**.

2. If Petitioner appeals the Court's denial of his construed Rule 59(e) motion, the Court denies a certificate of appealability.[1] Because this Court has determined that a certificate of appealability is not warranted, the **Clerk of Court** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida, this 14th day of March, 2025.



TIMOTHY J. CORRIGAN
Senior United States District Judge

---

[1] This Court should issue a certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" Miller-El v. Cockrell, 537 U.S. 322, 335–36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Here, after consideration of the record as a whole, the Court will deny a certificate of appealability.

Jax-6
c:
Jeffrey L. Hawkins, #J37046
Counsel of Record